Jones, J.
In the court of common pleas plaintiff, Clark T. McDonald, recovered a judgment for personal injury sustained by him while employed by The Pennsylvania Railroad Company as a yard clerk, and while engaged in interstate commerce. The original petition contained two causes of action, one based upon service while engaged in intrastate commerce and the other while engaged in interstate commerce. The cause of action based upon *281 service in intrastate commerce was abandoned, and reliance placed by plaintiff upon liability for injury sustained while the parties were engaged in interstate commerce.
Plaintiff was employed by the defendant as a yard clerk, his duties requiring him to obtain car numbers and destination and to prepare switching-lists for the crew. In the performance of his duties, the , plaintiff attempted to deliver to the conductor of the switching-crew one of these lists-, at a time when the conductor was riding on the end of an empty gondola car which was being pushed out of a sidetrack near the property line of the Lima Coal Company. On or very near the boundary line between the premises of the coal company and the right of way of the defendant railroad company was a board fence, a portion of which, by reason of coal being piled against it, sagged over the right of way of the defendant near the sidetrack over which the gondola was being poled.
The evidence of the railroad company tended to show that this sagging had occurred within twenty-four hours of the accident and could not have been ascertained by the railroad company in time to avoid it. Upon that phase of the case the defendant moved for an instructed verdict, which the trial court refused, and its refusal on that point was affirmed by the court of appeals, which stated: “While the evidence is meager in this case to establish an unsafe condition for any length of time, yet as we have said before, it was sufficient to be submitted to the jury.”
While the plaintiff was in the act of climbing up on the gondola car in order to deliver the switch *282 ing-list to the conductor he came in contact with a post in the sagging fence and was injured. The judgment of the trial court was reversed by the court of appeals for error in giving the charge hereinafter referred to, whereupon error was prosecuted to this court.
Since this action was based upon a liability founded on a federal statute regulating the obligation of common carriers and the right of their employes for injuries sustained by them while engaged in interstate commerce, the law is settled that when congress acts upon such subjects all state laws are superseded by reason of the supremacy of the national authority. (N. Y. Central Rd. Co. v. Winfield, 244 U. S., 147.) Likewise in the'construction and application of such federal laws the decisions of our highest federal court must necessarily control. One of. the chief defenses pleaded and relied upon by the defendant below was that the plaintiff had assumed the risks of injury caused by the dangerous condition of the right of way at the time of the accident; that the condition was obvious to the plaintiff and that he knew or should have known of its dangerous character. No special request to charge was asked. In its general charge the court charged the jury as follows, upon the question of assumption of risk: “By ‘assumed risk’ we mean those accidents and misfortunes that are incident to the character and the nature of the work and are necessarily unforeseen and could not have been anticipated by the defendant; and all such accidents and misfortunes in the line of the employment the plaintiff assumed and if he was injured thereby the defendant could not be liable.” An exception was *283 taken by the defendant to the general charge, and the court of appeals reversed the judgment because of error in giving the portion alluded to. The trial court failed to give a clear and proper charge on the defense of assumption of risk. It was erroneous and prejudicial in two aspects. In the first clause it confines the risk which the plaintiff assumed only to those accidents which were necessarily unforeseen and could not have been anticipated by the defendant. If such accidents were of such character and could neither have been foreseen nor anticipated by the defendant, no liability under the federal act could arise; for such liability must be based upon negligence, and liability of the carrier to an employe for any injury not due to negligence could not arise under the act. (N. Y. Central Rd. Co. v. Winfield, supra.) The last clause of the quoted charge is also erroneous, for the court told the jury, and it is not otherwise explained to them in its general charge, that such anticipated accidents and misfortunes were assumed by plaintiff. This too narrowly confined the rule, for it has been held that an employe also assumes the risk of defects which the employe knows endanger his safety, or of such dangers as are so obvious that an ordinarily prudent person, under the circumstances, would appreciate them. Gila Valley, Globe & Northern Ry. Co. v. Hall, 232 U. S., 94.
One of the latest expressions of the federal court upon that subject, to be found in Chesapeake & Ohio Ry. Co. v. De Atley, 241 U. S., 310, 315, is as follows: “According to our decisions, the settled rule is, not that it is the duty of an employe to exercise care to discover extraordinary dangers that may *284 arise from the negligence of the employer or of those for whose conduct the employer is responsible, but that the employe may assume that the employer or his agents have exercised proper care with respect to his safety until notified to the contrary, unless the want of care and the danger arising from it are so obvious that an ordinarily careful person, under the circumstances, would observe and appreciate them.”
This feature of the case was relied upon as the chief defense of the railway company upon trial, viz., that the dangerous condition of the right of way must have been known to the plaintiff, or was so obvious that an ordinarily careful person in the situation in which he was then placed would have observed and appreciated it. Counsel for defendant in error urged in argument that if the charge was erroneous counsel for the railroad company should have asked a special instruction embodying a correct definition of assumption of risk.
Reliance is had upon the case of Columbus Ry. Co. v. Ritter, 67 Ohio St., 53, and other cited authorities, in support of that contention. The authorities cited are directly in conflict with the contention urged, as an examination of the cases discloses, for the error in this case existed in the charge, and a general exception to the charge is effectual'in presenting an error of law existing in the charge as given.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Hough, Robinson and Matthias, JJ., concur.